UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                            Case No. 08-CR-20598

v.                                            Honorable Thomas L. Ludington

RUBEN STEVEN RANKE,

        Defendant.
_____/

**ORDER DENYING DEFENDANT'S MOTIONS FOR COUNSEL**

On November 12, 2008, Defendant, Ruben Steven Ranke, was indicted by a grand jury with one count of mailing child pornography and one count of possession of child pornography. ECF No. 1. Defendant pled guilty to mailing child pornography and was sentenced to 140 months in custody. ECF No. 39. This Court also recommended that Defendant enroll in the Residential Sex Offender Treatment Program. *Id.* On September 3, 2020, Defendant was sentenced to eight months incarceration as result of a supervised release violation. ECF No. 56.

On December 14, 2020 and January 19, 2021 Defendant mailed letters to this Court seeking the appointment of counsel to assist him in filing a motion for compassionate release. ECF Nos. 57, 58. These letters will be construed as a motion for the appointment of counsel.

The Sixth Amendment secures to a defendant who faces incarceration the right to counsel at all "critical stages" of the criminal process. *United States v. Wade*, 388 U.S. 218, 224 (1967). The Supreme Court has held that prisoners' post-conviction right to counsel extends only to the first appeal of right and no further. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). The decision to appoint counsel is within the discretion of the court, and the appointment of counsel is only required where the interests of justice or due process so require. *Mira v. Marshall*, 806 F.2d 636,

- 2 -

638 (6th Cir. 1986). Appointment of counsel is therefore required only if, given the difficulty of the case and petitioner's ability, the petitioner could not obtain justice without an attorney, he could not obtain a lawyer on his own, and he would have a reasonable chance of winning with the assistance of counsel. *See Thirkield v. Pitcher*, 199 F. Supp. 2d 637, 653 (E.D. Mich. 2002). Defendant has not satisfied the high burden of demonstrating that appointment of counsel is warranted. Seeking compassionate relief does not involve complex facts or legal doctrines that would prevent Defendant from effectively bringing his claim on his own behalf. Defendant's Motion for Appointment of Counsel will be denied.

Accordingly, it is **ORDERED** that Defendant's Motions for Appointment of Counsel, ECF No. 57, 58, are **DENIED**.

Dated: January 28, 2021       s/Thomas L. Ludington
                              THOMAS L. LUDINGTON
                              United States District Judge

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and to Ruben Steven Ranke, Saginaw County Jail, 311 S. Harrison, Saginaw, MI 48602 by first class U.S. mail on January 28, 2021.

s/Kelly Winslow
KELLY WINSLOW, Case Manager